IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: Hilda Diane Singletary         :     CHAPTER 13
       Debtor                         :     BANKRUPTCY NO. 13-12849

SECOND AMEDNED CHAPTER 13 PLAN OF THE DEBTOR (November 9, 2016)

     1.    The debtor shall submit to the supervision and control of the trustee the following sums:

During the first through the 36th month of the plan -- $5.00 monthly until a total of $180.00 has been paid to the trustee.

     2.    The various claims of the debtor's creditors shall be classified as follows:

     a.    <u>CLASS 1</u> - Claims filed and allowed which are entitled to priority under 11 U.S.C. §507. The administrative costs of the trustee are the only priority claim or administrative claim contemplated by this plan. Any creditor entitled to priority under §507 of the Bankruptcy Act contrary to the provisions of this plan shall be deemed to have waived any such priority, unless such entity timely objects to the plan prior to the entry of the order of confirmation.

     b.    <u>CLASS 2</u> - The claim of PNC Mortgage (hereinafter "PNC") filed and allowed, for pre-petition payment of principal, interest and insurance payments actually expended which are due under the provisions of Debtor's mortgage agreement with National City Mortgage Company dba/Eastern Mortgage Services, including all such amounts which became legitimately

due prior to the commencement of the above captioned case, to the extent that such claim is a secured claim within the meaning of 11 U.S.C. §506(a) secured by a lien on 3823 Smedley St., Philadelphia, PA 19140 which is not void or avoidable under the provisions of the Code and which is not for interest, fees, costs or charges which are not permitted under 11 U.S.C. §506(b);

    c. <u>CLASS 3</u> - The claim, filed and allowed, by PNC for the **total unpaid balance, if any,** due under the provisions of Debtor's mortgage agreement with National City Mortgage Company dba/Eastern Mortgage Services, or more precisely, the total unpaid balance of the amount due under the judgment in mortgage foreclosure that was entered on that note and mortgage in the case of *National City Mortgage Co. V. Singletary et al.* F.J.D. November Term 2003, No. 00209, to the extent the allowed claim is a secured claim, within the meaning of 11 U.S.C. §506(a), secured by a lien on debtor's interest in 3823 Smedley St., Philadelphia, PA 19140 which is not void or avoidable under the provisions of the Bankruptcy Code. It is anticipated that the amount of this claim will be determined by the Court in resolution of the adversary action filed by Debtor objecting to the proof of claim filed by PNC and captioned *Singletary v PNC BANK, N.A.*, ADVERSARY NO. 13-00560. ("The Adversary Action").

    d. CLASS 4 - The claim filed and allowed, if any, of the City of Philadelphia for unpaid water bills due on 3823 Smedley St., Philadelphia, PA 19140.

    e. CLASS 5 - The claim filed and allowed as an allowed secured claim, if any, of the Philadelphia Gas works for unpaid gas bills due on 3823 Smedley St., Philadelphia, PA 19140.

    f. CLASS 6 - All other unsecured claims which are filed and allowed, including any allowed unsecured claims that are filed and allowed in favor of the Philadelphia Gas Works.

    g. CLASS 7 - All other claims which are not filed or are filed and disallowed or which are filed late.

  3. The payments received by the trustee from the debtor pursuant to this plan shall be distributed as follows:

    a. CLASS 1 CLAIMS: The amount paid by the debtor to the trustee shall be distributed first to the Class 1 Claims, pro-rata, until they are paid in full;

    b. CLASS 2 CLAIMS: No payments shall be made by the trustee to the holder of the filed and allowed Class 2 claim for mortgage arrears.  This plan is not a cure plan and the plan does not provide for Debtor to maintain current payments and cure the arrears.

    c. CLASS 3 CLAIMS: No payments shall be made by the trustee to the holder of the Class 3 claims.  This claim is

expressly not provided for by this plan within the meaning of 11 U.S.C. §1325(a) and 1328(a).

   d. <u>CLASS 4 CLAIMS:</u>  No payments shall be made by the trustee the holder of the filed and allowed Class 4 claim. This claim is expressly not provided for by this plan within the meaning of 11 U.S.C. §1325(a) and 1328(a).

   e. <u>CLASS 5 CLAIMS:</u>  No payments shall be made by the trustee the holder of the filed and allowed Class 5 claim. This claim is expressly not provided for by this plan within the meaning of 11 U.S.C. §1325(a) and 1328(a).

   f. <u>CLASS 6 CLAIMS:</u>  After application of the appropriate amount to the holders of Class 1 claims, the trustee shall distribute all other amounts that come into his hands to the holders of the allowed **Class 6** claims, including any unsecured claim of PGW, <u>pro rata,</u> until 100% of their claims have been paid or until 3 years have elapsed from the commencement of payments, or until Debtor has paid the full amount required to be paid by her pursuant to paragraph 1 above, whichever occurs first.

   Any money remaining in the hands of the trustee after the expiration of the plan shall be returned to the debtor.

   g. <u>CLASS 7 CLAIM</u>: The holders of Class 7 claims are provided for in this plan as follows: No payments are to be made to the holders of Class 7 Claims.

4. This plan shall continue until Debtor has paid 100% of the allowed unsecured claims or until Debtor has paid a total of $180.00 to the chapter 13 Trustee, whichever first occurs.

5. Confirmation of this plan shall constitute a finding that the plan constitutes the debtor's best effort under all the circumstances to pay the creditors, within the meaning of 11 U.S.C. §727(a)(9).

6. Confirmation of this plan shall constitute a finding that the defaults, if any, which are cured by this plan are cured within a reasonable time, within the meaning of 11 U.S.C. §1322(b)(5).

7. **By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending, and further agree to take no steps to collect their claims in any other forum or in any manner inconsistent with this plan**.

8. Confirmation of this plan shall constitute a finding that the instant plan was proposed by the debtor in good faith and constituted Debtor's best effort within the meaning of 11 U.S.C. §727(a)(9).

9. The title to the debtor's interest in 3823 Smedley St., Philadelphia, PA 19140 shall not revest in the

debtor until the completion of her chapter 13 plan. However, the debtor shall have sole right to the use and possession of the property during the pendency of her bankruptcy. When the property revests in the debtor upon the entry of an order of discharge, it shall vest in the debtor free and clear of all claims of all creditors provided for by this plan.

10. Upon application or motion with appropriate notice as required by the Federal Rules of Bankruptcy Procedure to interested parties and to the Chapter 13 Trustee, the debtor may alter the amount or timing of payments under this plan. Such modifications shall be permitted if they are reasonable and if they do not decrease the total amount of money that will be paid out to the Class 1 claimants.

11. Any money or property acquired by either the trustee or the debtor while this case is pending shall be deemed exempt property of the debtor, if exemptible, and will be forthwith delivered to the debtor.

12. Any money remaining in the hands of the trustee after this plan has terminated for any reason, shall be returned to the debtor.

13. Upon completion of this plan, all debts listed in debtor's chapter 13 statement, except those excepted by 11 U.S.C. §1328(a)(1) or (a)(2), shall be discharged.

14. Confirmation of this plan shall constitute an order enjoining all creditors from taking any actions inconsistent with this plan and from attempting to proceed against the debtor in any other forum, <u>any orders proceeding the confirmation order to the contrary notwithstanding</u>.

15. The **effective date** of this plan shall be the date of confirmation.

16. The trustee's commission shall be limited to 10% of the sums actually distributed by him even if that amount is less than $5.00 a month.

Date: <u>November 9, 2016</u>          /S/ Irwin Trauss
                                        IRWIN TRAUSS, ESQUIRE
                                        Attorney for Debtor

                                        PHILADELPHIA LEGAL ASSISTANCE
                                        718 Arch Street, Suite 300N
                                        Philadelphia, PA 19102
                                        (215) 981-3811