# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>HILDA DIANE SINGLETARY,<br><br>Debtor. | Chapter 13<br><br>Case No. 13-12849-MDC |

## PNC BANK, N.A.'S
## OBJECTION TO DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN

PNC Bank, N.A. ("PNC"), by and through its undersigned counsel, files this objection (the "Objection") to Debtor's Second Amended Chapter 13 Plan filed on November 9, 2016 (the "Plan") [Dkt. No. 111] and, in addition to the arguments raised in its initial objection to the Debtor's original Plan and PNC's Supplemental Objection to Debtor's First Amended Plan, respectfully states as follows:

1. On July 16, 2013 PNC filed an amended secured claim in the Debtor's case, claim no. 3-2 (the "Claim"). As also stated in the Proof of Claim, PNC's Claim is secured in the Debtor's principal residence located at 3823 North Smedley Street, Philadelphia, PA (the "Property").

2. The Debtor filed adversary proceeding 13-00560 to attempt to disallow PNC's Claim or otherwise strip its lien (the "Adversary Proceeding"). Following various orders granting PNC's motions to dismiss the original and amended complaint and PNC's filing of a motion for summary judgment, the Court held that PNC's held an allowed, secured claim in the amount of $77,402.33 when considered as a mortgage to be reinstated, with $39,906.06 due in arrears to cure and reinstate, and $56,372.22 when considered as a secured judgment claim.

(Adv. Dkt. Nos. 67, 81.) The Court ruled that even were the Claim to be considered as secured judgment claim it continued to accrue interest at the contract rate of 7.5% which is to be applied first to unpaid, accruing interest. (Adv. Dkt. No. 67 at ¶¶ 4-10.) The Debtor has not made any post-petition payments to PNC on account of accruing post-petition principal, interest or escrow items.

3. PNC's claim for arrearages due as of the Petition Date is classified in the Plan in Class 2. PNC's secured claim, whether treated as a reinstated mortgage or outstanding judgment amount is classified in Class 3 of the Plan. The Plan as now amended proposes that ***no*** payments shall be made by the trustee on account of the Class 2 or 3 claims, nor does it state that any payments will be made to PNC outside the Plan, and further provides for revesting of the Property in the Debtor free and clear of PNC's liens once all Plan payments are made. (Plan ¶ 9.)

4. The Plan is a $5 plan that appears to provide the Debtor a full release of PNC's mortgage and secured judgment in return for no payment. In essence, the Debtor is attempting to accomplish through the Plan what she was not able to do in the Adversary Proceeding—strip the Property of PNC's lien without adequate (or any) compensation to PNC. The Debtor has appealed the Court's summary judgment order in the Adversary Proceeding, however, PNC's motion to dismiss the appeal for lack of prosecution is currently before the District Court since Debtor's counsel has admitted that Debtor is currently committed to an institution (not living in the Property) and has no competent legal guardian to represent her interests in this matter or the appeal. As such, confirmation of the Plan without appropriate provision for PNC's secured claim is impossible. *See* 11 U.S.C. §§ 1322(b)(2) & (3) and 1325(a)(5) & (6).

5. Moreover, the Plan makes a vague reference to the release of "cosigners" with the

Debtor, following confirmation, enjoining all non-objecting creditors from "tak[ing] steps to collect their claims in any other forum or in any manner inconsistent with this plan." (Plan at ¶ 7.) This provision could be interpreted as an impermissible, non-debtor release for which the unidentified "cosigner" is not entitled absent the explicit and affirmative consent of the affected parties (who are also entitled to notice of whom they are releasing). *See In re Washington Mutual, Inc.*, 442 B.R. 314, 352-55 (Bankr. D. Del. 2011) (third-party releases are effective "only with respect to those who affirmatively consent to it by voting in favor of the Plan and not opting out of the third party releases"). To the extent this provision is intended to effect a release of an unidentified non-debtor, Debtor's counsel has completely failed to make any showing that such co-signer is entitled to any release and PNC does not consent to any such release as it may affect the non-debtor co-signer of the Debtor's mortgage with PNC.

6. Debtor's plan is not feasible, and it does not fully compensate PNC.

7. In addition, Debtor's Plan fails to comply with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, PNC requests that the Court DENY confirmation of the Debtor's Plan.

/s/ Daniel JT McKenna
Daniel JT McKenna
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 864-8380
Fax: (215) 864-8999
Email:mckennad@ballardspahr.com

Dated: December 29, 2016          *Attorneys for PNC Bank, N.A.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 29, 2016 the foregoing was filed electronically with the Clerk of Court which automatically sent electronic mail notice to all counsel of record including counsel for the Debtor.

*/s/ Daniel JT McKenna*
Daniel JT McKenna

DMEAST #27503413 v1