# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>HILDA DIANE SINGLETARY,<br><br>Debtor. | Chapter 13<br><br>Case No. 13-12849-MDC |

**PNC BANK, N.A.'S**
**OBJECTION TO DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN**

PNC Bank, N.A. ("PNC"), by and through its undersigned attorneys, files this objection (the "Objection") to the Debtor's Third Amended Chapter 13 Plan filed on September 13, 2017 [Dkt. No. 142] (the "Plan") and respectfully states as follows:

**Background**

1.  On March 31, 2013 (the "Petition Date"), Hilda Diane Singletary (the "Debtor") filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the current bankruptcy case. ECF No. 1. The hallmarks of this case have been the Debtor's litigation against PNC in Adversary Proceeding No. 13-00560, and, more recently, issues and delays caused by the Debtor's alleged incompetence. The litigation and history of this case are more fully detailed in PNC's Motion for Relief from the Automatic Stay and the Codebtor Stay to Enforce Its Rights and Remedies Against Residential Real Property Commonly Known as 3823 N. Smedley Street, Philadelphia, PA 19140 [Dkt No. 135] (the "PNC Lift Stay Motion").

1

2. The result of the litigation commenced against PNC was a determination that PNC holds an allowed claim, secured by the Debtor's principal residence located at 3823 N. Smedley Street, Philadelphia, PA 19140 (the "Property"), in the following amounts:

(a) $ 39,906.06[1] as arrearages as of the Petition Date as detailed in the Claim, if Debtor's plan is amended at any point to provide for the mortgage to be cured and reinstated pursuant to 11 U.S.C. §1322(b)(3) or 1322(b)(5), or

(b) $56,372.22 as an allowed secured claim for the total debt due on Defendant's judgment in mortgage foreclosure secured by a lien on Debtor's interest in 3028 N. Smedley Street, Philadelphia, PA, 19140, absent a cure pursuant to 11 U.S.C. §1322(b)(3) or 1322(b)(5).

3. Title to the Property is held in the name of the Debtor and her non-debtor sister, Elizabeth Singletary (collectively, with the Debtor, the "Borrowers")

4. The last mortgage payment received by PNC prior to the filing of this bankruptcy was on May 10, 2010. Since the commencement of this bankruptcy case on March 31, 2013, no payments have been made to PNC on account of the Mortgage Loan. Because of these extensive defaults, on September 14, 2017, this Court entered a Consent Order Granting the PNC Lift Stay Motion Dkt. No. 147] (the "Lift Stay Order").

## The Proposed Plan

5. The proposed Plan classifies PNC's allowed secured claim into two classes: Classes 2 and 3. Class 2 addresses the prepetition arrears owed to PNC, and Class 3 addresses the total unpaid balance due and owing to PNC. With respect to the Class 2 allowed secured claim, the Plan provides that PNC will receive no distribution and states that the Plan is not a cure plan. As to the Class 3 claim, the Plan provides that the allowed secured claim of PNC is expressly not provided for by the Plan within the meaning of 11 U.S.C. §§ 1325(a) and 1328(a).

---

[1] This amount does not include all missed postpetition payments.

6. The only claims other than the claim of PNC that have been asserted against the Debtor are claims of the City of Philadelphia for unpaid water bills, which are classified as Class 4 claims under the Plan. The Debtor also scheduled claims as being due and owing to Philadelphia Gas Works, which claims are classified as Class 5 claims under the Plan. The Plan proposes to surrender the Property to the holders of claims in Classes 4 and 5.

7. Finally, paragraph 13 of the Plan provides that "[c]onfirmation of the plan shall constitute an order enjoining all creditors from taking any actions inconsistent with this plan and from attempting to proceed against the debtor in any other forum, <u>any orders proceeding (sic) the confirmation order to the contrary notwithstanding</u>." Plan ¶ 13 at p. 7 (emphasis in the original).

### PNC's Objections to Confirmation of the Plan

8. First, PNC objects to the language contained in paragraph 13 of the Plan as applied to PNC, because this language could be interpreted to enjoin PNC from exercising its rights and remedies in accordance with the Lift Stay Order. There is no basis for disturbing the relief granted by the Lift Stay Order, which was entered into by consent and after PNC received no payments postpetition and for many years preceding the Petition Date. Accordingly, paragraph 13 of the Plan should be revised to expressly provide that the language does not affect or alter the relief granted to PNC in the Lift Stay Order.

9. Second, it is unclear why the Debtor has classified PNC's allowed secured claim in two classes. In light of the treatment that the Debtor appears to intend to provide to PNC's claim outside of the Plan, the Plan either should be amended to classify PNC's allowed secured claim in a single class or, with respect to the part of PNC's allowed secured claim classified in Class 2, the Plan should be amended to expressly provide that the claim in not provided for by the Plan within the meaning of 11 U.S.C. § 1325(a) and 1328(a) in order to make the treatment

consistent with the part of PNC's allowed secured claim classified in Class 3. Footnote 1 should be similarly revised to reflect that PNC is the holder of claims in Classes 2 and 3 that are not subject to paragraph 7 of the Plan (which provision purports to bar actions against codebtors), and, further, that PNC will retain its liens.

10. Finally, proposed surrender of the Property to the holders of the claims in Classes 4 & 5 could be interpreted to impair PNC's rights or as a determination that the Property should ultimately be vested in the holders of those claims (e.g., the City of Philadelphia) notwithstanding that PNC holds a valid lien against the Property and that applicable state and municipal law provides significant protections to PNC with respect to the Property and in connection with any effort by the City of Philadelphia or Philadelphia Gas Works to enforce their alleged liens against the Property. The Plan should expressly provide that it does not alter or affect PNC's rights under applicable state and municipal law and further does not provide the holders of claims in Classes 4 and 5 with a right to obtain title to the Property except in accordance with the nonbankruptcy state and municipal processes and laws for doing so and that PNC's rights in connection those processes and under state and municipal law are not modified or affected by the Plan.

WHEREFORE, PNC Bank, N.A. requests that the Court DENY confirmation of the Debtor's Plan.

Dated:  October 26, 2017.    /s/ Daniel JT McKenna
Daniel JT McKenna
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 864-8380
Fax: (215) 864-8999
Email:mckennad@ballardspahr.com

-and-

Matthew G. Summers*
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4428
Fax: (410) 361-8930
(Admitted *pro hac vice*)

*Attorneys for PNC Bank, N.A.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 26, 2017 the foregoing was filed electronically with the Clerk of Court which automatically sent electronic mail notice to all counsel of record including counsel for the Debtor.


*/s/ Daniel JT McKenna*
Daniel JT McKenna